UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN THIBEAULT, et al.,        )
        Plaintiffs,             )
                                )
        v.                      )   C.A. No. 12-10333-PBS
                                )
ALISON BROWN, et al.,           )
        Defendants.             )

MEMORANDUM AND ORDER

SARIS, D.J.

        For the reasons stated below: (1) Plaintiff Shawn
Thibeault's Application to Proceed Without Prepayment of Fees and
Affidavit (Docket No. 8) is allowed; (2) Plaintiff Shawn
Thibeault's motions to file CD (Docket No. 3), for Discovery
(Docket No. 10) and for Leave to File (Docket No. 13) are denied
as premature; (3) Plaintiff's Motion to Waive the Cost of Service
(Docket No. 9) is denied without prejudice; and (4) this action
shall be dismissed within 35 days of the date of this Memorandum
and Order unless both plaintiffs demonstrate good cause why this
action should not be dismissed or file an Amended Complaint.  If
Cross wishes to proceed as a party to this action, she shall be
named as a plaintiff in the Amended Complaint, must sign the
Amended Complaint and also file an Application to Proceed In
District Court Without Prepaying Fees or Costs.

BACKGROUND

        On February 22, 2012, Plaintiffs Shawn Thibeault and
Samantha Cross, both residents of Dunstable, Massachusetts, filed
a six-page complaint on behalf of themselves and their two minor

children.[1]  The $350 filing fee was paid for filing the

"emergency complaint" and plaintiffs seek, among other things, an

extension of "three months to file the actual complaint."  See

Complaint, page 6.  The plaintiffs filed a motion to enjoin the

Department from Children and Families from taking any action

concerning the plaintiffs' children.  See Docket No. 2.

Plaintiff's emergency motion was denied by endorsed order the

same day; February 22, 2012.  The following day, on February 23,

2012, summons were issued as to all defendants.  See Docket.

    The original complaint is not entirely coherent or well

organized.  What is clear is that plaintiffs seek "the protection

of the United States District Court."  The complaint consists

primarily of a recounting of events surrounding an altercation

among the two plaintiffs at their home as well as subsequent

police and court involvement steaming from the incident.  The

named defendants are Thibeault's criminal defense attorney

_____

    [1]Section 1983 does not provide that the parents of minor
children have rights that are co-extensive with the rights of the
children that may be redressed by a claim or a cause of action
under the civil rights statute.  Because of this, Shawn Thibeault
and Samantha Cross cannot maintain any Section 1983 claims on
behalf of their children.  Parties to a federal lawsuit cannot be
represented by anyone other than themselves or a member of the bar.
See 28 U.S.C. § 1654; see also L.R. 83.5.3(c) ("A person who is not
a member of the bar of this court .... will be allowed to appear
and practice before the court only in his own behalf.").  For that
reason, Shawn Thibeault and Samantha Cross cannot represent their
children in this action and the children will be dismissed as party
plaintiffs.

(Edgett), an assistant district attorney (Brown), three police
officers (Downs, Dow and Chaprales), a court liaison (Cross) and
a recording clerk (Tello).

<u>DISCUSSION</u>

I.    Application to Proceed in District
      <u>Court Without Prepaying Fees or Costs</u>

Although Thibeault filed an Application to Proceed Without
Prepayment of Fees, Cross has not.  The disclosures contained in
Thibeault's Application reveal that he is an arborist/landscaper
and is employed as a property caretaker earning $100 per week
along with full room and board for himself and his family.  He
discloses one time receipt of money as a gift.  He owns no
property and has no cash.  Although Thibeault's apparent
indigency did not prevent him from paying the $350 filing fee in
order to file the complaint, Thibeault demonstrated sufficiently
that he lacks funds to pay for service of the original complaint.
Accordingly, his Application (Docket No. 8) is ALLOWED.

II.   <u>Screening of the Complaint</u>

Because Thibeault is now proceeding *in forma pauperis*, his
complaint is subject to screening under 28 U.S.C. § 1915(e)(2).
Section 1915 authorizes federal courts to dismiss actions in
which a plaintiff seeks to proceed without prepayment of fees if
the action lacks an arguable basis either in law or in fact,
<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action
fails to state a claim on which relief may be granted or seeks
monetary relief against a defendant who is immune from such

relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

In conducting this review, the Court liberally construes the complaint because Thibeault is proceeding pro se.  See  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The complaint is also construed in accordance with Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under a broad reading of the original complaint, however, the Court finds this action is subject to dismissal for the reasons stated below.

### III. Failure to Comply With the Pleading Requirements of the Federal Rules of Civil Procedure

As  filed, the complaint does not comport with the pleading requirements of Rule 8 and 10 of the Federal Rules of Civil Procedure.  Rule 10 of the Federal Rules of Civil Procedure governs the form of pleadings, and requires, in part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Here, the complaint is not set forth in numbered paragraphs; rather, it is set forth in narrative form.

Rule 8(a) governs the substance of a pleading, and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is

4

afforded a "meaningful opportunity to mount a defense." <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). <u>See also Redondo-Borges v. U.S. Dept. of Housing and Urban Development</u>, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriquenos en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" <u>Id.</u> (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In the instant case, the allegations are vague as to the specific actions alleged to have been carried out by each defendant and the corresponding claims against each one. Plaintiffs fail to parcel out the specific alleged wrongdoings by each defendant against each plaintiff, such as the date(s) of the alleged wrongdoing and the specific circumstances. In short, by pleading the complaint in the manner they have, plaintiffs have failed to set forth the "who, what, when, where, or why" type of information necessary to set forth any cognizable claims against any defendant upon which relief may be granted. These pleading deficiencies are fatal at this juncture, and the Court cannot permit this action to proceed as pled. Accordingly, in light of

the Rule 8(a) and 10 pleading deficiencies, this action is subject to dismissal.

## IV.   Failure to State a Claim Upon Which Relief May Be Granted

In addition to the general pleading deficiencies noted above, plaintiffs fail to assert cognizable civil rights claims against the defendants.  As the Supreme Court has explained, Section 1983 provides a remedy for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" made "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...." 42 U.S.C. § 1983. "If the plaintiff fails to allege facts sufficient to establish either the deprivation of a federal right or that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005).

### A.   Claims Against Attorney Edgett

As an initial matter, Thibeault alleges that he fired Edgett.  However, the Supreme Court has explained that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  And "participation by a private party in litigation, without more, does not constitute state action." Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980).

6

It is not entirely clear whether attorney Edgett was appointed by the court to represent Thibeault.  Either way, courts have uniformly held that attorneys, whether appointed or retained, are not acting under color of law for purposes of § 1983 liability.  See, e.g., Page v. Sharpe, 487 F.2d 567, 569–570 (1st Cir. 1973); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972); French v. Corrigan, 432 F.2d 1211, 1214 (7th Cir. 1970), cert. denied 401 U.S. 915 (1971); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968).  Thus, any Section 1983 claim against defendant Edgett would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

B.   Claims Against the Dunstable Police Officers

Although plaintiffs complain of the violation of Thibeault's civil rights, the specific claims are not clearly stated in the complaint.  Plaintiffs alleges the Cross' father called the police, the police [Charlie Chapreles and James Dow] authored Cross' "victim statement," and subsequently arrested Shawn Thibeault" on December 12, 2011.  See Compl., p. 3.  Plaintiffs allege that on January 18, 2012, the police called the Department of Children and Families with an "outrageous statement claiming the witness was a pedophile and that [Thibeault's] home was therefor unsafe."  Id. at p. 5.  Plaintiffs appear to complain that the police misrepresented various events and conversations.

As an initial matter, the failure of a police officer to

7

conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 "unless there was another recognized constitutional right involved." Williams v. City of Boston, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (citing Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985)). There is no constitutional right to a police investigation, adequate or otherwise.

Thibeault has a generalized right, under the Fourth Amendment, not to be subjected to unreasonable warrantless searches and seizures of his person. U.S. Const. Am. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...."). To comport with the strictures of the Fourth Amendment, a warrantless arrest must be supported by probable cause. See Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 9 (1st Cir. 2004) ("When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable searches and seizures is not offended."); Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997). The inquiry is objective, not subjective, asking whether there was a reasonable likelihood that the arrestee committed the alleged crime. See, e.g., Cox v. Hainey, 391 F.3d 25, 30 (1st Cir. 2004).

Thibeault complains that during the investigation and interviews, the police knew, or should have known, that

8

statements against Thibeault were not accurate or reliable.
However, the police had no duty to explore exculpatory evidence
or investigate potential defenses before finding probable cause
to arrest Thibeault.  <u>See</u> <u>Acosta</u>, 386 F.3d at 11 (citing <u>Barber</u>
<u>v. Page</u>, 390 U.S. 719, 725 (1968) and <u>Baker v. McCollan</u>, 443 U.S.
137, 145-46 (1979)).  Thus, the complaint fails to adequately
present factual allegations that support a search and seizure
Fourth Amendment theory of recovery against the police
defendants.

If Thibeault was maliciously prosecuted, he could seek
recourse through a state law tort claim, but he cannot bring a §
1983 claim for a violation of his right to due process.[2]  <u>See</u>
<u>Meehan v. Town of Plymouth</u>, 167 F.3d 85, 88 (1st Cir. 1999) ("A
1983 claim for malicious prosecution as a deprivation of
procedural due process is barred where, as here, the state's tort
law recognizes a malicious prosecution cause of action.").  Thus,
the § 1983 claims against the police defendants are subject to
dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  <u>Claims Against ADA Brown</u>

Even if Thibeault could demonstrate that he had a

---

[2]It is an "open question" in the First Circuit whether an
independent Fourth Amendment malicious prosecution claim is
cognizable under § 1983.  <u>See</u> <u>Burke v. McDonald</u>, 572 F.3d 51, 58
n.7 (1st Cir. 2009).  The ambiguity of this doctrine does not,
however, help Thibeault as he has not alleged that the prosecution
against him resulted in a "seizure" within the meaning of the
Fourth Amendment.

constitutional due process right of which he was deprived by defendant Brown, his civil rights claims fail nevertheless because defendant Brown is entitled to absolute prosecutorial immunity for her actions in connection with Thibeault's prosecution.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 422 (1976) (absolute judicial immunity extends to prosecuting attorneys acting within the scope of their official duties);  <u>Reid v. State of N.H.</u>, 56 F.3d 332, 337 (1st Cir. 1995).

"The law is settled that 'prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' ... insofar as that conduct is 'intimately associated with the judicial phase of the criminal process' ....'" <u>Miller v. City of Boston</u>, 297 F. Supp. 2d 361, 370 (D. Mass. 2003).  "Without absolute immunity, 'harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" <u>Id.</u> quoting <u>Imbler</u>, 424 U.S. at 423.   "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom". <u>Id.</u>  Thus, the Section 1983 claims against defendant Brown are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

    D.   <u>Claims Against Remaining Defendants</u>

The two remaining defendants are identified as Valerie

Tello, Recordings Clerk, and John Court, plaintiff Samantha
Cross' father and "court liaison." See Compl., case caption.

The complaint contends, among other things, that John Cross
"conspired to kidnap [Samantha Cross'] child and then again
'force' her to go to the police and write a statement that Shawn
Thibeault violated the restraining order by means of seeing her."
Id. at p. 4.  As to Ms. Tello, it is unclear what claims the
plaintiffs seek to assert against her as Recordings Clerk.

To the extent plaintiffs allege that these defendants were
part of a conspiracy, the complaint contains no allegations of
fact suggesting that the defendants conspired to violate
plaintiff's constitutional rights.  To present an adequate
conspiracy claim, there must be allegations of (1) an agreement
between two or more state actors, or "a state actor and a private
party; (2) to act in concert to inflict an unconstitutional
injury; and (3) an overt act done in furtherance of that goal
causing damages." See Ciambriello v. County of Nassau, 292 F.3d
307, 324-25 (2d Cir.2002) (citing Pangburn v. Culbertson, 200
F.3d 65, 72 (2d Cir.1999)).  "[C]omplaints containing only
conclusory, vague, or general allegations that the defendants
have engaged in a conspiracy to deprive the plaintiff of his
constitutional rights are properly dismissed." See id. at 325
(quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir.1993)).

Here, mere assertions, without more, cannot establish
cognizable legal claims, nor can the simple use of the term
"conspiracy" be sufficient to create a claim, without an

11

underlying factual basis for the assertion.

IV.  <u>Order to Amend</u>

In light of the above, the complaint is subject to dismissal.  Accordingly, Shawn Thibeault and Samantha Cross are directed to file, within 35 days of the date of this Memorandum and Order, a show cause response as to why this action should not be dismissed for the reasons stated above or an Amended Complaint.  Any Amended Complaint shall set forth each plaintiffs claim against each defendant in accordance with the pleading requirements of the Federal Rules of Civil Procedure.  Failure to comply with this directive will result in a dismissal of this action.  No summonses shall issue pending further Order of this Court.

Accordingly, it is hereby Ordered that:

1.  Plaintiff Thibeault's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 8) is ALLOWED;

2.  Plaintiff Thibeault's motions to file CD (Docket No. 3), for Discovery (Docket No. 10) and for Leave to File (Docket No. 13) are DENIED as premature;

3.  Plaintiff Thibeault's Motion to Waive the Cost of Service (Docket No. 9) is DENIED without prejudice;

4.  This action shall be dismissed within thirty-five (35) days of the date of this Memorandum and Order unless both plaintiffs demonstrate good cause why this action should not be dismissed or file an Amended Complaint that cures the pleading deficiencies.  If Samantha Cross wishes to proceed as a party to this action, she shall be named as a plaintiff in the Amended Complaint, sign the Amended Complaint and file an Application to Proceed In District Court Without Prepaying Fees or Costs; and

12

5.    No summons or subpoenas shall issue pending further Order of
      the Court.

SO ORDERED.

_May 21, 2012____                     _/s/ Patti B. Saris_____
DATE                                  PATTI B. SARIS
                                      UNITED STATES DISTRICT JUDGE