UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
SHAWN THIBEAULT,             )
        Plaintiff,           )
                             )
        v.                   )  C.A. No. 12-10333-PBS
                             )
ALISON BROWN, et al.,        )
        Defendants.          )
```

MEMORANDUM AND ORDER

SARIS, D.J.

For the reasons stated below, the Court denies the pending motions and dismisses this action for failure to state a claim upon which relief may be granted.

I    Background

This is a civil rights action brought by Plaintiff Shawn Thibeault, a resident of Dunstable, against several police officers, prosecutors, court employees, an attorney, a judge and the Commonwealth's Department of Children and Families.

By Memorandum and Order dated May 21, 2012, plaintiff was permitted to proceed in forma pauperis and he, along with co-plaintiff Samantha Cross, was granted additional time to show cause why this action should not be dismissed or to file an Amended Complaint. See Docket No. 14. At that time, the Court noted that although the $350 filing fee was paid, Thibeault lacked funds to pay for service of process and sought to proceed in forma pauperis.

Now before the Court is Sean Thibeault's pro se Amended

Complaint.[1]  See Docket No. 16.  Plaintiff also filed a Motion
for Appointment of Counsel (Docket No. 17), a Motion for
Evidentiary Hearing (Docket No. 18), a Motion for Injunction
against the Department of Children and Families (Docket No. 19),
a Motion for F.B.I. Investigation (Docket No. 20), Motion for
Permission to Serve the Defendants (Docket No. 21), a Motion for
Summonses to Issue for Testimony of Three Witnesses Hearing
(Docket No. 22), a motion for waiver of copy costs (Docket No.
30); and a motion for immediate appointment of counsel (Docket
No. 31).

While the Amended Complaint is difficult to understand,
plaintiff's claims stem from a family dispute at his family's
Dunstable home on December 12, 2011.  It is unclear exactly what
happened.  Plaintiff was arrested, in part, based upon a victim
statement that Samantha Cross allegedly made under pressure by
her father, John Cross.  Plaintiff contends that John Cross
conspired with the police and prosecutors in an effort to deprive
plaintiff of custody of his two children.  Samantha Cross was
awarded custody of the children and plaintiff did not receive a
share in custody.  Plaintiff feels deprived of his children and
brings this action to vindicate the alleged violation of his

---

[1]Only Shawn Thibeault signed the Amended Complaint and is
considered the sole plaintiff in this action.  Samantha Cross did
not sign the Amended Complaint and she failed to submit an
Application to Proceed in forma pauperis.

constitutional rights.

In addition to the seven defendants listed in the original complaint,[2] the amended complaint identifies the following three new defendants: (1) Gerard Leone, the Middlesex County District Attorney; (2) Judge Kilmartin of the Ayer District Court; and (3) the Commonwealth's Department of Children and Families ("DCF"). DCF is the state agency responsible for investigating charges of child abuse and neglect and providing services for abused and neglected children and their families. See Mass. Gen. Laws. ch. 119, §§ 1 et seq.

For relief, plaintiff requests fifty-five million dollars and seeks to have this Court: (1) reverse the 1/18/12 probate order giving custody of plaintiff's son to his mother; (2) convince the Department of Children and Families to close this case; (3) arrest and prosecute defendant John Cross for the "kidnaping" of plaintiff's children; (4) permit plaintiff and his family the freedom to leave the Commonwealth of Massachusetts; (5) enter an order prohibiting members of plaintiff's family from even discussing this case.  Am. Compl., ¶ 15.

II   Review

A pro se complaint is entitled to a liberal construction.

---

[2]The defendants named in the original complaint are Thibeault's criminal defense attorney (Edgett), an assistant district attorney (Brown), three police officers (Downs, Dow and Chaprales), a court liaison (Cross) and a recording clerk (Tello).

See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Courts tend to review pro se complaints according to "less stringent standards than formal pleadings drafted by lawyers."  Id. at 520-21; see also Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (explaining that "courts hold pro se pleadings to less demanding standards than those drafted by lawyers").

Because Thibeault was granted leave to proceed in forma pauperis, the Court will review the Amended Complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff is proceeding in forma pauperis when the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Even when the filing fee is paid, a district court may dismiss an action if the court determines that the action is frivolous, that is, legally baseless regardless of how palpable the dispute may be to the parties.  Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

III  <u>Discussion</u>

A.  <u>Federal Courts Lack Jurisdiction</u>
     <u>to Directly Review State Court Decisions</u>

Although plaintiff has expressed distress about his children, this Court has no jurisdiction to review the validity of the state court rulings.  Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the <u>Rooker-Feldman</u>[3] doctrine.  <u>Hill v. Town of Conway</u>, 193 F.3d 33, 34 (1st Cir. 1999) (citing <u>Wang v. New Hampshire Bd. of Registration</u>, 55 F.3d 698, 703 (1st Cir. 1995)).  The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court.  <u>See</u> <u>Feldman</u>, 460 U.S. at 482-86; <u>Rooker</u>, 263 U.S. at 415-16.

The <u>Rooker-Feldman</u> doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision.  <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in

---

[3]The <u>Rooker-Feldman</u> doctrine is a distillation of two Supreme Court decisions:  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  <u>See</u> <u>Hill</u>, 193 F.3d at n. 1 (describing history of doctrine).

particular cases arising out of judicial proceedings even if
those challenges allege that the state court's action was
unconstitutional.") (internal quotation omitted); <u>accord</u> <u>Johnson
v. De Grandy</u>, 512 U.S. 997, 1005-1006 (1994) (<u>Rooker-Feldman</u>
doctrine bars "a party losing in state court ... from seeking
what in substance would be appellate review of the state judgment
in a United States District Court, based on the losing party's
claim that the state judgment itself violates the loser's federal
rights); <u>Mandel v. Town of Orleans</u>, 326 F.3d 267, (1st Cir. 2003)
(<u>Rooker-Feldman</u> doctrine precludes a lower federal court from
entertaining a proceeding to reverse or modify a state-court
judgment or decree to which the assailant is a party).  A federal
claim is "inextricably intertwined" with the state-court judgment
if the federal claim succeeds only to the extent that the state
court wrongly decided the issues before it. <u>Hill v. Town of
Conway</u>, 193 F.3d 33, 39 (1st Cir. 1999).

    Here, to the extent that plaintiff's Amended Complaint may
be read as attempting to appeal the decision of the state court
or as an attempt to claim that the state court wrongly issued a
protection order, it is subject to dismissal under the <u>Rooker-
Feldman</u> doctrine.

    B.   <u>Sovereign Immunity</u>

    Plaintiff's claims against the Department of Children and
Families are barred by the Eleventh Amendment and the doctrine of

sovereign immunity.  The Eleventh Amendment[4] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam).  Absent an express waiver, the Eleventh Amendment generally prohibits federal courts from entertaining a suit brought by private parties against a state or its representative agencies.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  This bar is jurisdictional and applies "regardless of the nature of the relief sought." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000) (quoting Pennhurst, 465 U.S. at 100, 104 S.Ct. 900).

Here, the Commonwealth has not consented to suit and plaintiff's claims against DCF are barred by the Eleventh Amendment.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity); see also Brait Builders Corp. v. Mass., Div. of Capital Asset Mgmt., 644 F.3d 5,

---

[4]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

10 (1st Cir. 2011) (internal citations and quotations omitted)
(11th Amendment is jurisdictional in the sense that it is a
limitation on the federal court's judicial power).

    C.   <u>Judicial Immunity</u>

    To the extent that plaintiff seeks to assert claims against
Judge Kilmartin, a Massachusetts district court judge, based on
plaintiff's dissatisfaction with the manner in which the judicial
proceedings were conducted and decided, the doctrine of absolute
judicial immunity requires dismissal.  The doctrine of judicial
immunity protects judges from suit for any normal and routine
judicial act.  <u>See, e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991)
(per curiam) ("[J]udicial immunity is an immunity from suit, not
just from the ultimate assessment of damages); <u>Pierson v. Ray</u>,
386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects
integrity of judicial process); <u>Cok v. Cosentino</u>, 876 F.2d 1, 2
(1st Cir. 1989) (per curiam) (citation omitted) (same).  Only
judicial actions taken in the clear absence of all jurisdiction
will deprive a judge of absolute immunity.  <u>Cok</u> 876 F.2d at 2;
<u>Stump v. Sparkman</u>, 435 U.S. 349, 356-357 (1978) (scope of judge's
jurisdiction construed broadly).  Even, as here, where a
plaintiff alleges that a decision was legally incorrect, such
allegations do not pierce the immunity extended to judges.  <u>Moore</u>
<u>v. Brewster</u>, 96 F.3d 1240, 1244 (9th Cir. 1996); <u>cf.</u> <u>Stump</u>, 435
U.S. at 356-357 (alleged erroneous, malicious acts).  Thus,

plaintiff's claims against defendant Kilmartin must be dismissed because these allegations are based solely on judicial acts. <u>Stump</u>, 435 U.S. at 356-357; <u>Pierson</u>, 386 U.S. at 553-554; <u>Jefferson v. City of Hazlehurst</u>, 936 F. Supp. 382, 387 (S. D. Miss. 1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199 (1985)).

    D.   <u>Prosecutorial Immunity</u>

Plaintiff's originally complaint alleged that Assistant District Attorney Brown violated his civil rights and the amended complaint now adds a claim against District Attorney Leone. Plaintiff alleges that these two defendants "conspired" to "hide the existence of five (5) pieces of evidence." <u>See</u> Am. Compl., ¶ 12, <u>see</u> <u>also</u> ¶ 30. Plaintiff contends that the prosecutors were accessories to his false arrest because the evidence was "collected" after his arrest, but not "claimed." <u>Id.</u> at ¶ 13.

As explained in the Court's May 21, 2012 Memorandum and Order, prosecutors have absolute immunity from suit for their actions in connection with the prosecution of plaintiff. "The law is settled that 'prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' ... insofar as that conduct is 'intimately associated with the judicial phase of

the criminal process' ....'" <u>Miller v. City of Boston</u>, 297 F.
Supp. 2d 361, 370 (D. Mass. 2003).   "Without absolute immunity,
'harassment by unfounded litigation would cause a deflection of
the prosecutor's energies from his public duties, and the
possibility that he would shade his decisions instead of
exercising the independence of judgment required by his public
trust.'" <u>Id.</u> quoting <u>Imbler</u>, 424 U.S. at 423.   "The protections
of absolute immunity, moreover, extend to actions that occur
prior to a formal court proceeding and outside of a courtroom".
<u>Id.</u>   Thus, the Section 1983 claims against defendants Brown and
Leone are subject to dismissal.

     E.   <u>False Arrest</u>

     In the Amended Complaint, plaintiff again alleges that he
was arrested without a warrant.   <u>See</u> Am. Compl., ¶¶ 4, 11.
Plaintiff alleges that on December 12, 2011, John Cross pressured
his daughter Samantha Cross to "to go to the Dunstable [Police
Department] and lie to them."   <u>Id.</u> at ¶ 1.   Plaintiff complains
that the same day, December 12, 2011, he was placed under arrest
at his home "against the testimony of the witness, David Hardman,
and against the only physical evidence, the 'blood splatters' on
the wall of the bathroom connected to the room that David Hardman
a[nd] Shawn Thibeault claimed the 'attack' was the attack by
Samantha on Shawn Thibeault."   <u>Id.</u> at ¶ 4.   Plaintiff explains
that "this was possibly an oversight on the part of these

defendants, however [plaintiff] feel[s] there was no probable cause to support said arrest." Id. Plaintiff contends that "some probable cause was required" and that "the only evidence in support of said arrest was a statement made to the police, and said statement became obsurd (sic) when compared to the evidence, the defendant's statement and the witness statement." Id. at ¶ 11, see also ¶ 30.

"The Fourth Amendment right to be free from unreasonable seizures of the person demands that an arrest be supported by probable cause." Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989), citing Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The key question is whether the information available to the police officers at the time of the arrest was sufficient to lead an ordinarily prudent officer to conclude that plaintiff had committed the crime for which he was arrested. See Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997) (setting forth the probable cause standard).

In determining whether probable cause existed at the time of an arrest, "police officers can justifiably rely upon the credible complaint by a victim to support a finding of probable cause." Forest v. Pawtucket Police Dep't, 377 F.3d 52, 57 (1st Cir. 2004) (citing B.C.R. Transport Co., Inc. v. Fontaine, 727 F.2d 7, 10 (1st Cir. 1984)). "Probable cause determinations are, virtually by definition, preliminary and tentative." Acosta v.

<u>Ames Dep' t Stores, Inc.</u>, 386 F.3d 5, 11 (1st Cir. 2004).

Here, plaintiff appears to have been arrested based upon a witness statement, presumably the statement by Samantha Cross to the Dunstable police the same day as plaintiff's arrest. Plaintiff has not actually alleged what the statement said, however, the statement appears to have identified him as the perpetrator of an assault on Samantha Cross.  Despite the fact that plaintiff and David Hardman told the police that it was Samantha Cross that attacked plaintiff, the police arrested plaintiff.  Although plaintiff complains that the witness statement was absurd, the statement, along with the blood splatters, provided the police with probable cause to arrest him.

Finally, as explained in the Court's May 2012 Memorandum and Order, the failure of a police officer to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 "unless there was another recognized constitutional right involved." <u>Williams v. City of Boston</u>, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (citing <u>Gomez v. Whitney</u>, 757 F.2d 1005, 1006 (9th Cir.1985)).  There is no constitutional right to a police investigation, adequate or otherwise.  Thus, the Section 1983 claims against the police are subject to dismissal.

    F.   <u>Claims Against Attorney Edgett</u>

Plaintiff again complains of the actions of his defense

12

attorney, Susan Edgett.  He complains that she either destroyed, or "returned for destruction," the victim statement.  Plaintiff complains that when he tried to get a copy of the statement, she informed him that she no longer had it and advised him to plead guilty.  <u>See</u> Am. Compl., ¶ 8.  As set forth in the Court's May 2012 Memorandum and Order, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." <u>Polk County v. Dodson</u>, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  And "participation by a private party in litigation, without more, does not constitute state action." <u>Slotnick v. Garfinkle</u>, 632 F.2d 163, 166 (1st Cir. 1980).  Here, the factual allegations against attorney Edgett fail to state a Section 1983 claim.

G.   <u>Claims Against Remaining Defendants</u>

The two remaining defendants are Valerie Tello, Recordings Clerk, and John Court, plaintiff Samantha Cross' father.  Plaintiff complains that John Cross conspired to kidnap plaintiff's children and forced Samantha Cross to go to police and write a victim statement adverse to plaintiff Thibeault.

As noted in the Court's May 2012 Memorandum and Order, the amended complaint contains conclusory allegations of such a conspiracy, and this is insufficient to state a cognizable claim for the deprivation of plaintiff's constitutional rights.  <u>See</u>

13

Docket No. 14.  The conclusory, broad sweeping and
unsubstantiated allegations fail to support the necessary nexus
between this private defendant and any state official needed to
find John Cross liable under Section 1983.  Bell Atlantic Corp.
v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929
(2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.
1937, 173 L.Ed.2d 868 (2009).

     As to defendant Tello, the Amended Complaint simply lists
her as a defendant in the case caption.  The body of the Amended
Complaint does not include any specific allegations against her
and it is impossible to cull out the claim against her.  To the
extent plaintiff contends Tello was part of a conspiracy, there
are no allegations suggesting that she conspired to violate
plaintiff's constitutional rights.

     IV   Pending Motions

     Now before the Court are plaintiff's Motion for Appointment
of Counsel (Docket No. 17), a Motion for Evidentiary Hearing
(Docket No. 18), a Motion for Injunction against the Department
of Children and Families (Docket No. 19), a Motion for F.B.I.
Investigation (Docket No. 20), Motion for Permission to Serve the
Defendants (Docket No. 21), a Motion for Summonses to Issue for
Testimony of Three Witnesses Hearing (Docket No. 22); a motion
for waiver of copy costs (Docket No. 30); and a motion for
immediate appointment of counsel (Docket No. 31).

To the extent plaintiff renews his motion for service by the United States Marshals Service, such request is denied. The Court does not direct service by the United States Marshals Service unless a complaint or amended complaint survives preliminary screening under Section 1915.

To the extent plaintiff requests appointment of counsel, such request is denied.  The case does present exceptional circumstances such that the denial of counsel will result in fundamental unfairness impinging on the plaintiff's due process rights.  <u>See</u> <u>DesRosiers</u> v. <u>Moran</u>, 949 F.2d 15, 23 (1st Cir. Cir. 1991).

To the extent plaintiff seeks an F.B.I. investigation, such request must be denied because federal courts are not authorized to conduct or compel criminal investigations.  Under our Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted.

To the extent plaintiff requests an evidentiary hearing that would include the testimony of three witnesses, such requests are denied.  The Court finds that such hearing and testimony are not warranted.

To the extent plaintiff seeks to a Motion for Injunction against the Department of Children and Families, such request is

denied.   As explained above, <u>see</u> <u>supra</u>, ¶ III(B), the doctrine of sovereign immunity protects the Department of Children and Families from suit.   Moreover, the <u>Rooker-Feldman</u> doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision.   <u>See</u> <u>supra</u>, ¶ III(A).   As explained below, this federal Court is not in a position to review the state court proceedings and the 51A report that was allegedly issued.   <u>Id.</u>

To the extent plaintiff seeks to waive the costs of copying court documents, such request is denied because Section 1915(a)(1) does not authorize the court to "waive" the cost of copies of court orders and documents.

<u>ORDER</u>

Based upon the foregoing, and in accordance with this Court's Order dated May 21, 2012, it is hereby ORDERED that the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and the pending motions are denied.

SO ORDERED.


<u>January 8, 2013</u>                    <u>/s/ Patti B. Saris</u>
DATE                                PATTI B. SARIS
                                    UNITED STATES DISTRICT JUDGE